UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Case No. 24-10389 (PMM) |
| Peggy A. Weyler, | Chapter 13 |
| Debtor. | Hearing Date: July 11, 2024 at 11:00 am |
| | Objection Deadline: June 27, 2024 |

**MOTION OF POLICE AND FIRE FEDERAL CREDIT UNION
FOR RELIEF FROM THE AUTOMATIC STAY TO EXERCISE RIGHTS
WITH RESPECT TO VEHICLE**

Police and Fire Federal Credit Union ("PFFCU"), by and through its undersigned counsel, Dilworth Paxson LLP, hereby moves for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to exercise its rights with respect to its claim that is secured by the Debtor's 2018 BMW X3, VIN No. 5UXTR9C52JLD89918 (the "Vehicle").

**I.    BACKGROUND**

1. Peggy A. Weyler (the "Debtor") is indebted to PFFCU pursuant to a motor vehicle financing Loan Agreement obtained by the Debtor on October 14, 2021. A true and correct copy of the Loan Agreement is attached as Exhibit A. This financing is secured by the Vehicle.

2. On February 6, 2024, the above-captioned Debtor initiated this Chapter 13 case.

3. On February 6, 2024, the Debtor filed her Chapter 13 plan (Dkt. 2). Pursuant to the terms of the Plan, Debtor is to make monthly post-petition payments to PFFCU outside the Plan. PFFCU has not received payments for the months of March, April or May 2024, with her next payment coming due June 28, 2024. Total post-petition arrears are currently $1,827.87, comprised of three monthly payments, each in the amount of $601.27 and $24.06 in late fees.

#124278055v1

    4.    PFFCU's interests in the Vehicle are not adequately protected given that Debtor is not making post-petition payments as they come due as required by her proposed plan and the Debtor's loan agreement with PFFCU.

**II.    <u>CAUSE FOR RELIEF FROM THE AUTOMATIC STAY EXISTS</u>**

    5.    Pursuant to section 362(d)(1) of the Bankruptcy Code, on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay for cause, including lack of adequate protection of the party's interest in property.  11 U.S.C. § 362(d)(1).

    6.    Debtor has not made her payments as they have come due post-petition.  The continuing depreciation of the Vehicle further impairs PFFCU's rights and interests in the Vehicle. Accordingly, cause exists to lift the automatic stay with respect to Debtor because PFFCU's interests are not adequately protected and cause exists pursuant to 11 U.S.C. § 362(d)(1) to lift the automatic stay to allow PFFCU to exercise its rights with respect to the Vehicle.

**III.    <u>CONCLUSION</u>**

Relief from the automatic stay is warranted because PFFCU is not adequately protected as a result of Debtor's failure to make post-petition payments on account of the Vehicle sufficient to satisfy her obligations to PFFCU.

WHEREFORE, PFFCU respectfully requests that this Court enter an Order granting relief from the automatic stay pursuant to § 362(d) so that PFFCU may exercise its rights with respect to the Vehicle and granting such other and further relief as appropriate.

#124278055v1

                                            DILWORTH PAXSON LLP

                                            <u>/s/ Anne M. Aaronson</u>
                                            Anne M. Aaronson
                                            1500 Market St., Suite 3500E
                                            Philadelphia, PA 19102
                                            (215) 575-7100

Dated:  June 13, 2024                  *Attorneys for Police and Fire Federal Credit Union*

3

#124278055v1